LAS VEGAS – TONOPAH – RENO STAGE LINE, INC., APPELLANT, *v.* WILLIAM O. BURLESON, RESPONDENT.

No. 4024

February 5, 1958                    320 P.2d 1104

*McNamee & McNamee,* of Las Vegas, for Appellant.

*Toy R. Gregory,* of Las Vegas, for Respondent.

## OPINION

By the Court, EATHER, J.:

Appellant, a common carrier, has taken this appeal from judgment rendered against it for the value of a passenger's luggage lost through negligence of the carrier in the course of an intrastate trip from Reno to Las Vegas. The sole question before us is whether, under the laws of this state, the carrier can, by so providing in its schedule of rates and charges, limit its liability for loss through its negligence.

NRS 704.070 provides for the filing with the public service commission of Nevada of schedules by public utilities "showing all rates, tolls and charges which it has established  *  *  *  for any service performed *  *  *." NRS 704.080 provides for posting in the utility's office and stations of "so much of the schedule as the commission shall deem necessary for the use of the public."

At the time of the transactions here involved appellant had filed with the commission a schedule which provided that its baggage liability was limited to $25 unless the owner declared a higher value and paid an increased rate. A sign posted in its Reno bus station advised the public of this limitation upon its liability. Respondent, traveling from Reno to Las Vegas on appellant's line, checked his baggage without any declaration of value in excess of $25. The baggage was lost through the negligence of the carrier. The court below allowed proof of its actual value and granted judgment for $300. Appellant contends that by its having complied with the cited statutory provisions it has effectively limited its liability for negligent loss to $25.

Upon this point we find two cases of this court controlling: Zetler v. Tonopah and G. R. R. Co., 35 Nev. 381, 129 P. 299, L.R.A. 1916A, 1270, and Southern Pacific Co. v. Haug, 43 Nev. 102, 182 P. 92. In these cases it is clearly held that although a common carrier may, pursuant to law, limit its liability *as insurer* to a fixed

amount in absence of additional compensation, such limitation shall not apply to cases where the loss is due to negligence of the carrier, even though there be a contract with the owner providing for such limitation.

Appellant contends that for two reasons these decisions should not be held controlling in this case.

First: The source of the cited NRS sections is the Public Service Commission Act of 1919 which was not the law under which the Zetler and Haug cases were decided. Appellant contends that the 1919 act has superseded the earlier law. The controlling cases were decided under the provisions of the Railroad Act of 1907, 1907 Stats. of Nevada, p. 73, chap. 44. Section 4 of that act to all intents and purposes is identical with the pertinent provisions of NRS. The reenactment of these provisions in 1919 did not in any respect accomplish any change in the law as announced in the Zetler and Haug cases.

Second: Appellant contends that these were cases in which the limitation was sought to be accomplished by contract and were not concerned with a limitation accomplished by the taking of legally prescribed steps for the fixing of rates and charges. There is no merit in this contention. If the provisions of sec. 4 of the Railroad Act of 1907, properly construed, could be said to have permitted such limitation of liability, a contract to such effect could hardly have been held contrary to public policy. If a contractual limitation of liability is contrary to public policy, *a fortiori* a limitation cannot stand which is founded upon unilateral actions of the carrier short of contract.

Affirmed with costs.

BADT, C. J., and MERRILL, J., concur.